## GRIFFIN *vs.* CHASE and DAMON.

A redemption of property, by a judgment creditor, from a sale upon execution, cannot be made by calling at the office of the county clerk, the same being the office of the sheriff, and paying to the clerk, for the sheriff, neither the sheriff nor any of his deputies being present, the amount of the purchaser's bid, with interest, and presenting the papers showing the creditor's interest.

Such redemption can only be made by payment to the purchaser or his personal representatives or assignees; or to one who has redeemed; or to. the officer who made the sale; or, in case of his absence from the sheriff's office, to the sheriff, under-sheriff, or any deputy present at such office.   Payment cannot be made to the county clerk, nor to any other person, as the agent of the sheriff; unless he has been authorized to act, in the matter of redeeming, by an appointment as under-sheriff or deputy.

Where a redemption has been attempted, by payment to a person not authorized . to receive it, the sheriff's certificate of the redemption, given to the redeeming creditor, being wholly unauthorized, is not evidence of the facts stated therein.

Nor is a certificate, given by the county clerk, to whom the necessary papers have been presented and the money paid, any evidence.   He not being authorized to act in the redemption, has no authority to make a certificate.

A recital, in a deed given by the sheriff to a redeeming creditor, which states that C., as assignee of a judgment, &c. presented, *at the sheriff's office*, the papers required by law to be presented for the purpose of acquiring the right of the purchaser of the premises, and that having paid the amount required by law to be paid, for such purchase, he acquired the same, without stating *to whom* the papers were presented, or to whom the money was paid, will not *estop* the grantee in such deed from denying the regularity and validity of the redemption by C.; although such grantee claims title as a redeeming creditor from C.

Nor will the fact that the grantee in the sheriff's deed has, as purchaser at the sheriff's sale, accepted the money paid by C. on his attempted redemption, estop him from questioning the regularity of C.'s redemption.

THIS was an action to recover the possession of real estate situated in Allegany county.   The defendant David Chase had been the owner, and was in possession of the premises.   The plaintiff claimed title under a sheriff's deed.   On the 29th of . June, 1848, Leonard Kirby and Valentine Kirby recovered a judgment in the supreme court against David Chase and one Charles Gilman, for $729.83, which was docketed in Allegany county.   An execution was issued thereon, and the sheriff sold the premises, on the 1st of March, 1849, to the plaintiff, and gave him the proper certificate of sale.   The plaintiff gave in

Griffin *v.* Chase.

evidence the deed from the sheriff to him. This deed contained the usual recitals. It also recited that on the last day of the fifteen months, Sally Chase, as assignee of a judgment against David Chase and Charles Gilman, in favor of William H. Bradford, presented at his [the sheriff's] office, the necessary papers required by law to be presented, for the purpose of acquiring the right of the purchaser of the premises; and that having paid the amount required by law to be paid for the purchase, she acquired the same. It was also recited that Griffin, the plaintiff, as assignee of a judgment in favor of Isaac F. Kirby, against Chase, presented at the sheriff's office the necessary papers required by law to be presented, for the purpose of acquiring the rights of Sally Chase and of the original purchaser, in the premises; and that he having paid the amount required by law to be paid for that purpose, for the benefit of Sally Chase, pursuant to the statute in such case made and provided, and no other person having appeared, to redeem the premises, and twenty-four hours after the last redemption having expired, he, the sheriff, granted the premises to the plaintiff. The defendant objected to the admission of this deed in evidence, on the ground that it did not appear that the plaintiff presented to the sheriff, upon the redemption made by him, any certified copy of the docket of the judgment upon and by virtue of which the redemption was made, or any proof of the assignment of the judgment, or any proof of the amount due on said judgment. These objections were overruled, and the defendant excepted. The plaintiff then offered in evidence a certified copy of the transcript of a judgment in the supreme court, against David Chase and Charles Gilman, in favor of William H. Bradford, docketed July 1, 1848; an assignment of the judgment to Sally Chase; and an affidavit of an agent of Sally Chase. Also a certified copy of the transcript of a judgment in the supreme court, against David Chase and Gilman, in favor of Isaac F. Kirby, docketed July 8, 1848; an assignment of the judgment to the plaintiff; and the affidavit of the plaintiff, &c. Also a certificate of the clerk of Allegany county, and a certificate of the sheriff, which are sufficiently noticed in the opinion. The de-

fendant objected to the papers relating to the redemption of Sally Chase, upon the ground that they were wholly immaterial, and that there was no proof that they were the papers upon which the redemption was made. Also to the redemption papers of the plaintiff, on the ground that the redemption was not made to the sheriff or to any officer or person authorized to receive the redemption papers or money; that the amount paid by Griffin was not sufficient. The objections were overruled, and the defendant excepted. The papers were given in evidence. The plaintiff rested, and the defendant moved for a nonsuit, upon various grounds, which are sufficiently noticed in the opinion. The defendant gave no evidence, and the referee decided that the plaintiff was entitled to judgment for the premises demanded; and judgment being perfected, the defendant appealed to the general term.

*A. P. Lansing,* for the plaintiff.

*W. Angel,* for the defendant.

*By the Court,* MARVIN, J.   It appears from the certificate of the clerk of Allegany county, dated and acknowledged July 5, 1850, that on the first day of July, 1850, the last day of the fifteen months from the time of sale by the sheriff, Sally Chase, by her agent, appeared at the clerk's office of the county, the same being the office of the sheriff of the county, and presented papers for the purpose of redeeming the premises sold by the sheriff to the plaintiff. He specifies the papers. He certifies that the sum of $511.13 was paid to him, the clerk, for the sheriff, neither the sheriff nor any of his deputies being at the time present, for the benefit of Griffin the original purchaser, and on behalf of Sally Chase, for the purpose of acquiring the rights of Griffin, &c. That this proceeding was not complete until 12 o'clock of that night. That immediately after 12 o'clock of the night of the 2d of June, (the second being Sunday,) and within twenty-four hours after the redemption by Sally Chase, Griffin appeared at his office, being the

Griffin *v.* Chase.

office of the sheriff, and presented to him, the clerk, for the sheriff, neither he nor any of his deputies being present, papers (described) being the transcript of the docket of the judgment &c. in favor of Kirby, and accepted the $511.13 as such original purchaser, and paid to the clerk for the sheriff, $648.10 for the benefit of Sally Chase, and for the purpose of acquiring her right and the right of the original purchaser, and of redeeming &c. from Sally Chase. He certifies that no other person redeemed after the redemption by Griffin, within twenty-four hours, and that Griffin was therefore entitled to all the rights of Sally Chase and the original purchaser, &c. The certificate of the sheriff is substantially like the certificate of the clerk. In describing what was done, he used language slightly different, saying that " the sum of $511.13 was paid to the said clerk, *as my agent*, neither myself nor any of my deputies being present," &c. The deed executed by the sheriff to Griffin, the plaintiff, contains recitals of the redemption of Mrs. Chase and then of Griffin, which will be noticed hereafter.

It will be proper here, to say that Mrs. Chase, as relator, instituted proceedings for a mandamus to compel the sheriff to convey the premises to her, subsequent to the conveyance to the plaintiff, and that upon the return to the alternative mandamus, the court, at special term, denied the mandamus upon the ground that Mrs. Chase's redemption *to the clerk*, was unauthorized and invalid, and that Griffin's redemption to the clerk was also unauthorized and invalid for the same reason; and also for the reason that he did not pay an amount sufficient, he having neglected to pay interest from the time Mrs. Chase redeemed to the time he redeemed. The judgment was affirmed at the general term.

It will be proper to consider these questions now, for if the deed to the plaintiff was entirely unauthorized in consequence of Mrs. Chase's redemption being valid, and Griffin's not valid. the plaintiff could not recover, his title depending upon the sheriff's deed.

The office of the county clerk was the office of the sheriff, and the agent of Mrs. Chase supposed that the redemption

Vol. XXIII. 36

could be made to the clerk, in the absence of the sheriff and his deputies. In this he was mistaken. By the revised statutes, the redemption was to be made by the payment to the purchaser, his personal representatives or assignees, or to one who had redeemed, or to the officer who made such sale. The act of 1847, (*Laws; ch.* 410,) contains new provisions. Redemptions made on or after the last day of the fifteen months are required to be made at the office of the sheriff, and it is made the duty of the officer making the sale to attend at the office during the last day for making such redemptions, and during the time thereafter when such redemptions may be made, and in case of the absence of the officer who made the sale, from the sheriff's office at such time, then such redemption may be made to the sheriff; and in his absence, to the under-sheriff, or any deputy present at such office. (§ 3.) Here is no authority to the county clerk to act in the matter, though the sheriff's office and his office are the same, and though the sheriff, his deputies and under-sheriff are all absent from the sheriff's office. By the fourth section, any creditor having a right to redeem, may redeem within twenty-four hours after any preceding redemption. By section 5, it is made the duty of the officer making the sale, or any person who may lawfully act in his behalf, when a redemption shall have been made, to execute to the person making such redemption, his certificate, truly stating all such facts transpiring before him, at the making of such redemption, as shall be sufficient to show the facts of such redemption. This certificate can only be made by the person to whom the redemption is made, and such person must be the officer making the sale or a person who may lawfully act in his behalf. And section 3 tells us who those persons are, viz: the sheriff, and in his absence the under-sheriff or any deputy present at the sheriff's office. It is clear that Mrs. Chase's redemption was not valid, nor was Griffin's, they being made to the clerk, who was not the under-sheriff or a deputy of the sheriff. It is said that the clerk was the agent of the sheriff, and that this is shown by the certificate of the sheriff, where he says that the $511.13 was paid to the said clerk as his agent,

neither he nor any of his deputies being present. I do not understand from this that the sheriff ever appointed the clerk as his agent, to act for him in cases of redemption, even if it were possible for him lawfully to do so. The remark is that the money was paid to the clerk *as* his agent. But there are other answers to this point. The sheriff cannot confer the authority upon any one to act in the matter of redeeming, unless by appointing such person under-sheriff or deputy; and then such person has his authority to act from the statute. *Hall* v. *Fisher*, (9 *Barb*. 17,) is not applicable to this case. In that case the debtor, within twelve months, applied to the sheriff to redeem, and the sheriff, not having the certificate, told him to go to the clerk and have him ascertain the amount, and then hand the money to the clerk. It was held that the sheriff could make the clerk his agent to compute the amount and receive the money. When the debtor redeems, nothing is to be done but to pay the money to the sheriff, and the sale is then void. No other creditor can redeem, and the sheriff, in such a case, may direct the debtor where to pay the money. When the twelve months expire, the rights of other creditors attach, and the law has cast upon the sheriff other duties. There is another answer; the certificate, made by the sheriff, was wholly unauthorized, and is not therefore evidence of any appointment of the clerk as his agent. The sheriff had nothing to do with the redemption, and had no authority to make any certificate. It is only " such certificates" as are made by persons mentioned in the act, that afford *prima facie* evidence of the facts therein stated. (§ 6 *of the act of* 1837.) It may also be remarked here, that the certificate of the county clerk is not evidence, as he was not authorized to act in the redemption and was not, therefore, authorized to make the certificate. We have then, no evidence, in the case, of any redemption by Mrs. Chase, unless the deed of the sheriff to the plaintiff furnished such evidence. If the certificates of the clerk and sheriff are taken as evidence of what actually occurred, then, as we have seen, no lawful redemption was made. But in truth they are not evidence for any purpose.

The defendant's counsel claims that the regularity of the redemption by Mrs. Chase is recited in the sheriff's deed to the plaintiff, and that he therefore is estopped from denying it; also that the plaintiff claims title as a redeeming creditor from Mrs. Chase, and that he is estopped from denying the validity of her redemption; also that the plaintiff having accepted the money under the redemption made by Mrs. Chase, he cannot now question the regularity of her redemption

I do not think these questions are necessarily presented by the deed. The sheriff says in the deed that " Sally Chase, as assignee of a judgment &c., presented at my office the necessary papers required by law to be presented for the purpose of acquiring the right of the purchaser of the premises, and having paid the amount required by law to be paid for said purchase, acquired the same." Substantially the same language is used in relation to Griffin's redemption. The sheriff does not say that Mrs. Chase redeemed to him or to his under-sheriff or one of his deputies. She presented at *his office* the necessary papers &c. and paid the amount required by law to be paid. The sheriff does not in the deed say to whom the papers were presented, nor to whom the money was paid. If the deed shows a good redemption by Mrs. Chase, it shows also a like good redemption from her, by the plaintiff, and he has the deed. In my opinion the doctrine of estoppel does not apply to the case. There is, however, no occasion for going into this question. Take the whole deed, with or without the recitals touching the redemptions, and the title is in the plaintiff.

The judgment must be affirmed.

[ERIE GENERAL TERM, November 10, 1856. *Bowen, Mullett, Greene* and *Marvin,* Justices.]